UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHERIE SUMMERALL,

                Plaintiff,

 -vs-                                                    Case No.  5:06-cv-270-Oc-10GRJ

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.
_____/

## O R D E R

On March 14, 2008, the United States Magistrate Judge issued a report, (Doc. 22), recommending that the final decision of the Commissioner of Social Security denying the Plaintiff's application for Supplemental Social Security Income and Disability Insurance Benefits, (Doc. 1), be affirmed.  In so doing, the Magistrate Judge found, in part, that the Commissioner met his burden of establishing that the Plaintiff, who suffers from rheumatoid arthritis, lumbar degenerative disc disease, and depression, could perform other work that was available in the national economy.  (Doc. 1, pp. 16-20).

On April 1, 2008, the Plaintiff filed objections to the Magistrate Judge's report, contending that the Magistrate Judge misinterpreted the Administrative Law Judge's, ("ALJ's"), analysis on the issue of whether the Plaintiff could perform other work. (Doc. 23). In particular, the Plaintiff contends that a conflict exists between the testimony of the Vocational Expert with respect to the Plaintiff's ability to engage in repetitive use or forceful

squeezing of the hands, and the job requirements of the various positions cited by the Vocational Expert, as defined in the Dictionary of Occupational Titles.  The Commissioner has notified the Court that it does not intend to reply to the Plaintiff's objections, but will instead stand on the Magistrate Judges' report and recommendation.  (Doc. 24).

An independent review of the case file shows that during the proceedings before the ALJ, the Vocational Expert listed four types of jobs that the Plaintiff could potentially perform:  dispatcher, appointment clerk, animal shelter clerk, and order clerk.  Each of these jobs are defined in the Dictionary of Operational Titles as requiring frequent, repetitive use of the hands for up to 5 hours and 28 minutes per day.  The Vocational Expert also provided testimony with respect to how many hours the Plaintiff could engage in frequent, repetitive use of her hands; however, the testimony provided on this point is ambiguous.  It is unclear from the Vocational Expert's testimony whether the Expert meant that the Plaintiff could engage in frequent repetitive use of her hands for up to six to eight hours per day, that she could engage in such repetitive use for only up to two hours per day, or that she could engage in such repetitive use for no more than six hours per day.  Depending on what the Vocational Expert truly meant, the testimony may or may not conflict with the relevant job descriptions set forth in the Dictionary of Occupational Titles.  This ambiguity in the Vocational Expert's testimony, as well the potential conflict with the Dictionary of Occupational Titles must be resolved by the ALJ on remand.

Accordingly, upon an independent review of the case and upon due consideration, it is hereby ORDERED that the report and recommendation of the Magistrate Judge, (Doc.

22), is REJECTED; the Plaintiff's Objections, (Doc. 23), are SUSTAINED, and the decision of the Commissioner is REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 23rd day of April, 2008.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Hon. Gary R. Jones